UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA MANDURRAGO, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL PAPER COMPANY, a New York corporation, and DOES 1 THROUGH 20, inclusive, <br><br> Defendants. | Case No. 1:16-cv-00024-BAM <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** <br> (Doc. 3) <br><br> **TWENTY-ONE DAY DEADLINE** |

## INTRODUCTION

Defendant International Paper Company ("Defendant") moves to dismiss Plaintiff Lorena Mandurrago's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Defendant argues that Ms. Mandurrago's claims, which assert employment harassment, discrimination and retaliation, are time-bared under California Government Code sections 12960 and 12965. Ms. Mandurrago counters that any deadline should be equitably tolled. Having considered the moving, opposition and reply papers, Defendant's motion to dismiss shall be granted with leave to amend.

///

///

///

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to have a United State Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment. (Docs. 5, 6).

1

# BACKGROUND[2]

### A. Allegations in Complaint

Ms. Mandurrago began working for Defendant on July 14, 2003, as a shipping clerk. During her employment, Ms. Mandurrago observed that at least two other female employees were having sexual relationships with male managers. These female employees allegedly were treated more favorably than Ms. Mandurrago in the terms and conditions of their employment. The female employees even told Ms. Mandurrago that her job would be limited because she was not nice and that Ms. Mandurrago should have sex with several male managers and employees. Ms. Mandurrago also believed that Defendant paid a male shipping clerk who performed similar job duties more for the same work.

In April 2013, Ms. Mandurrago complained to Defendant's area human resources manager, Kathie Johnson, about discrimination and disparate treatment. Shortly after, Ms. Mandurrago was demoted and given a performance improvement plan. Plaintiff believes that no action was taken on her complaint and that she was demoted in retaliation for her complaint.

In February 2014, Ms. Mandurrago complained to a supervisor, Luis Nava, regarding the favoritism shown toward a female employee who was having sex with male managers and asked him to be fair. Mr. Nava reportedly told Ms. Mandurrago, "You don't blow anybody or have sex with anybody." Ms. Mandurrago believed it was clear that she was treated differently because she did not engage in sex with male managers.

Ms. Mandurrago subsequently complained to Al Harris, Defendant's regional resource manager, Steve VanderGriend, Defendants' plant general manager, and Kathie Johnson about Mr. Nava's statement, the sexually-oriented conduct of the female employees and various male employees and sexual favoritism in the workplace. Plaintiff believes no action was taken on her complaint.

On February 25, 2014, Plaintiff also filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of the acts of discrimination and harassment. Plaintiff believes that Defendant was informed of the charge shortly after it was filed.

---

[2] In this 12(b)(6) motion, the factual background is derived from the complaint. *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

On July 2, 2014, Defendant terminated Plaintiff's employment, claiming that she had violated Defendant's lock out, tag and try policy. Plaintiff believes this reason was a pretext and that Defendant fired her in retaliation for her complaints about discrimination and harassment and for filing a charge with the EEOC.

Ms. Mandurrago alleges that she complied with all prerequisites to jurisdiction of this Court under California Government Code section 12900, *et seq.*, and has exhausted her administrative remedies. In particular, Ms. Mandurrago asserts that she filed her charge of discrimination with the EEOC on February 25, 2014. Shortly thereafter, Ms. Mandurrago received a letter dated February 28, 2014, which stated that a copy of her charge would be sent to the California Department of Fair Employment and Housing ("DFEH"). Around this time, Ms. Mandurrago reportedly received a letter from DFEH stating that it had received the charge, it would be filed and DFEH would not be assisting in the investigation of the complaint. Additionally, DFEH stated that Ms. Mandurrago had one year to file a private lawsuit under California law and that the one year period would be tolled during the EEOC's investigation.

In June and July 2014, Ms. Mandurrago supplied additional information to the EEOC.

On July 16, 2014, Defendant submitted its position paper to the EEOC.

On August 8, 2014, the EEOC issued a Dismissal and Notice of Rights.

On October 3, 2014, Ms. Mandurrago asked the EEOC to add a retaliation claim to her charge because she had been terminated after filing her complaint. On October 6, 2014, Ms. Mandurrago asked the EEOC if it would investigate. She allegedly was told that the EEOC would investigate.

On October 20, 2014, the EEOC sent the parties a notice rescinding its Dismissal and Notice of Rights and stated that a new determination letter would be issued. The EEOC issued a revised charge, but reportedly did not provide Ms. Mandurrago with an explanation of what to do or what would happen next.

On October 28, 2014, Ms. Mandurrago dropped off some letters to the EEOC, thinking that her case was being investigated for a second time. On November 19, 2014, Ms. Mandurrago asked the receptionist at the EEOC about her case and the receptionist allegedly stated that they were still waiting for an investigator to look at it. Ms. Mandurrago allegedly went to the EEOC office every two

months to check the status of the case. She reportedly was told that they were waiting for an investigator to look at her case.

On August 4, 2015, the EEOC sent a Dismissal and Notice of Rights to Ms. Mandurrago. The notice indicated that Ms. Mandurrago had to file suit under federal law within 90 days, but did not mention filing a lawsuit under California law. On August 4, 2015, the EEOC sent a second letter to Ms. Mandurrago stating that a copy of her charge would be sent to DFEH. Plaintiff did not receive a letter from DFEH stating that it had received the charge, that it would be filed, that DFEH would not be assisting in the investigation or that Ms. Mandurrago had one year to file a private lawsuit under California law. At some point, Ms. Mandurrago contacted the EEOC and was told that they did not have a recent letter from DFEH in her file.

On November 10, 2015, Ms. Mandurrago first met with an attorney (current counsel) to discuss the revised charge. On November 17, 2015, Ms. Mandurrago's counsel contacted the Director at the local EEOC office to request a copy of the most recent right to sue letter from DFEH. The EEOC Director stated that the EEOC did not issue amended right to sue letters from the DFEH. Counsel asked for a copy of the entire file from the EEOC. On the same date, the EEOC notified Ms. Mandurrago's counsel that the February 2014 letter from DFEH was the only one in the EEOC file. At this point, Ms. Mandurrago requested a copy of the DFEH file.

Ms. Mandurrago reportedly relied on the EEOC's letter and believed that her amended discrimination charge would be filed with DFEH. Ms. Mandurrago expected that she would receive another right to sue letter from DFEH based on her interaction with the EEOC in 2014. The EEOC did not tell Ms. Mandurrago that it would not send such a letter, and she had no way of knowing this was the case. To the contrary, on August 4, 2015, the EEOC told Ms. Mandurrago in writing that her complaint would be filed with DFEH, which was not true.

Ms. Mandurrago alleges that the EEOC misled her and never filed her complaints with DFEH. On November 30, 2015, DFEH notified Ms. Mandurrago that it had no records pertaining to her.

**B. Instant Action**

Ms. Mandurrago filed her lawsuit against Defendant on December 8, 2015, in Fresno County Superior Court. The matter was removed to this Court on January 7, 2016. Ms. Mandurrago asserts

1  three causes of action against Defendant: (1) discrimination and harassment on the basis of sex in
2  violation of Government Code section 12940; (2) failure to prevent discrimination and harassment on
3  the basis of sex in violation of Government Code section 12940; and (3) retaliation in violation of
4  Government Code section 12940.

5  On January 21, 2016, Defendant moved to dismiss Ms. Mandurrago's claims, arguing that they
6  are time-barred under California Government Code sections 12960 and 12965. Ms. Mandurrago
7  opposed the motion on February 17, 2016, and Defendant replied on March 4, 2016.

## STANDARD OF REVIEW

A dismissal for failure to state a claim is brought under Federal Rule of Civil Procedure Rule 12(b)(6), and may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When the court reviews a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). A party may move under Rule 12(b)(6) to dismiss claims for being time barred if the running of the statute of limitations is apparent from the face of the complaint. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2009).

## DISCUSSION

**A. Ms. Mandurrago did not timely file her lawsuit.**

Under California law, a plaintiff must file suit upon receipt of a right-to-sue letter from the DFEH within one-year. *See* Cal. Gov't Code §§ 12965(b) & (d). Section 12965(b) establishes "a strict 'one year statute of limitations, commencing from the date of the right-to-sue notice by the [DFEH],' except for certain statutory exceptions." *Acuna v. San Diego Gas & Elec. Co.*, 217 Cal.App.4th 1402, 1413 (2013) (citation omitted); *see also Aldana v. ADP, Inc.*, No. CV 13-6671 FMO (JCx), 2014 WL 3110036, *2 (C. D. Cal. Jul. 8, 2014). Section 12965(d), a statutory exception, provides that the one-year time limit may be tolled if (1) the plaintiff timely files a charge of discrimination or harassment concurrently with the EEOC and DFEH; (2) DFEH defers investigation

of the charge to the EEOC; and (3) DFEH issues a right-to-sue notice upon deferral of the charge to the EEOC. Cal. Gov't Code § 12965(d). The time for commencing an action expires when the federal right-to-sue period to commence a civil action expires or one year from the date of the right-to-sue notice issued by DFEH, whichever is later. Cal. Gov't Code § 12965(d)(2).

According to the complaint and incorporated documents, Ms. Mandurrago filed a charge of discrimination and harassment with the EEOC on February 25, 2014. Shortly thereafter, DFEH issued a right-to-sue notice on February 28, 2014, and informed Ms. Mandurrago that her charge (designated 485-2014-00159) was dual filed by the EEOC and that DFEH would not be conducting an investigation. DFEH further notified Ms. Mandurrago that pursuant to California Government Code section 12965(b), a civil action under the Fair Employment and Housing Act ("FEHA") must be filed within one year from the date of the notice. DFEH also notified Ms. Mandurrago that the one-year period would be tolled during the pendency of the EEOC's investigation of her complaint. DFEH directed Ms. Mandurrago to consult an attorney to determine with accuracy the date by which a civil action must be filed. (Doc. 1-1, Ex. A to the Compl.).

On August 8, 2014, the EEOC issued a Dismissal and Notice of Rights. On October 3, 2014, Ms. Mandurrago submitted an amended charge, adding a claim of retaliation. On October 20, 2014, the EEOC sent a letter to the parties rescinding its dismissal and vacating the right-to-sue because it intended to reconsider Ms. Mandurrago's charge (unchanged designation of 485-2014-00159). On August 4, 2015, the EEOC issued its second right-to-sue notice on the amended charge and informed Ms. Mandurrago that she had 90 days from receipt of the notice to file a lawsuit under federal law. The EEOC also indicated that Plaintiff's time limit for filing a lawsuit based on state law may be different. (Doc. 1-1, Ex. D to Compl.).

In light of the allegations in the complaint, the tolling principles of section 12965(d)(2) apply because Ms. Mandurrago's charge was filed concurrently with the EEOC and DFEH, DFEH deferred its investigation to the EEOC, and DFEH issued a right-to-sue letter upon deferral of the charge. Defendant now contends that Ms. Mandurrago's state law claims are time-barred because she did not timely file this lawsuit within 90-days after receiving the August 4, 2015 right-to-sue letter from the EEOC.

As the date Ms. Mandurrago received the EEOC's August 4, 2015 right-to-sue notice is unknown, the 90-day period is extended by three days from the date of issuance under the mailing presumption. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1123-26 (9th Cir. 2007) (rebuttable presumption that EEOC mailed right-to-sue letter on same date of issuance and that claimant received it at his address of record three days later). Thus, based on the date of the EEOC's notice and the addition of three days for mailing, Ms. Mandurrago would have been required to file her claims by November 5, 2015, the later of the two dates contemplated by section 12965(d)(2). Ms. Mandurrago did not file her complaint in Fresno County Superior Court until December 8, 2015, more than 30 days past the deadline. This statute of limitations has been strictly enforced. *See*, *e.g.*, *Payan*, 495 F.3d at 1127; *McCullough v. Xerox Corp.*, No. 13-cv-04596-HSG, 2015 WL 5769620, *7-8 (N.D. Cal. Oct. 2, 2015) (noting Ninth Circuit's strict enforcement of statute of limitations found in sections 12960 and 12965(d); finding FEHA claims filed three days past deadline time-barred); *Wagner v. Wal-Mart Stores, Inc.*, No. 13-cv-03475-NJV, 2013 WL 5645169, *3 (N.D. Cal. Oct. 16, 2013) (dismissing FEHA-based complaint, with leave to amend, filed six months after expiration of right-to-sue on one charge and one week after expiration of right-to-sue on another charge); *but cf. Burrell v. County of Santa Clara*, No. 11-CV-04569-LHK, 2013 WL 2156374, *15 (N.D. Cal. May 17, 2013) (noting courts refuse to take a strict approach to FEHA limitations period when analyzing the applicability of the continuing violations doctrine); *Brom v. Starbucks Coffee Co., Inc.*, No. 10cv2292BEN (CAB), 2011 WL 1869397, *2 (S.D. Cal. May 16, 2011) (same).

**B. Ms. Mandurrago has not established that equitable tolling applies.**

Ms. Mandurrago does not appear to dispute that she filed her FEHA claims after the relevant statutory deadline. Rather, Ms. Mandurrago argues that her lateness should be excused based on the doctrine of equitable tolling because the EEOC allegedly misled her. (Doc. 9 at 1, 2-6). Specifically, Ms. Mandurrago contends that she was misled by (1) the EEOC waiting almost a year to issue the Charge of Discrimination relating to her amended complaint of retaliation, (2) the EEOC failing to cross-file the amended complaint with DFEH; and (3) both agencies failing to issue a second right-to-sue letter that would give her one year from August 2015 to file a lawsuit under state law. (Doc. 9 at 1.)

7

To support her assertion that she was misled, Ms. Mandurrago refers to allegations in her complaint indicating that in October 2014, she complained to the EEOC about retaliation after being fired. During that month, EEOC sent the parties a notice rescinding its Dismissal and Notice of Rights and stating that a new determination letter would be issued. Ms. Mandurrago gave documents to the EEOC thinking that her case would be investigated a second time and was repeatedly told that the EEOC was waiting for an investigator. About a year later, in August 2015, the EEOC sent her several documents. The first document was an amended Charge of Discrimination. The second document was a Dismissal and Notice of Rights, which indicated that she had 90-days to file suit under federal law. The third document sent by the EEOC was a letter stating that a copy of Ms. Mandurrago's amended charge would be sent to DFEH. Based on this third document, Ms. Mandurrago allegedly believed that DFEH would issue a second right-to-sue letter and she would have another year to file her lawsuit. (Doc. 9 at 2-4).

Under state law, the California Supreme Court has held that equitable tolling applies when a defendant has timely notice of a complaint, is not prejudiced by tolling, and the plaintiff acted in good faith. *MacDonald v. Antelope Valley Cmty. Coll.*, 45 Cal.4th 88, 102, 84 Cal.Rptr.3d 734, 194 P.3d 1026 (2008); *Downs v. Dep't of Water & Power*, 58 Cal.App.4th 1093, 1100 (1997) ("Three factors determine whether the statute of limitations is equitably tolled in a particular case: (1) timely notice to defendants in filing the first claim; (2) lack of prejudice to defendants in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by plaintiffs in filing the second claim."); *see also Wagner*, 2013 WL 5645169 at *3 (citing factors for determining whether statute of limitations equitably tolled, including timely notice and lack of prejudice to defendants and good faith and reasonable conduct by plaintiff).

Although the first two factors for application of equitable tolling may be satisfied, the Court does not find that Ms. Mandurrago has established the third. Ms. Mandurrago's argument for equitable tolling is, in essence, that she allegedly was misled by the EEOC's letter in August 2015 stating that a copy of her amended charge would be sent to the DFEH and her assumption that she would receive another right-to-sue letter from DFEH. (Doc. 1-1, Compl. ¶20(m) and Ex. E). As Defendant points out, the difficulty with Ms. Mandurrago's position is that the EEOC letter indicating

that her amended charge would be sent to DFEH says nothing about her deadline to file a lawsuit under California law or that she would receive another right-to-sue letter.[3]  (Doc. 1-1, Ex. C to Compl.).  Further, there is no allegation that anyone at the EEOC told Ms. Mandurrago that DFEH would issue a second right-to-sue letter or that her deadline to file her claims under California law would be extended for another year.  There also is no assertion that Ms. Mandurrago inquired of either agency regarding the deadline to file her lawsuit or that she sought any legal advice until after the 90-day period had expired.  Further, DFEH expressly directed Ms. Mandurrago as early as February 2014 to "consult an attorney to determine with accuracy the date by which a civil action must be filed."  (Doc. 1-1, Ex. A to Compl.).

Even assuming *arguendo* that it was reasonable to believe DFEH would issue a second right-to-sue letter, Ms. Mandurrago has provided no excuse for her delay in following up with DFEH regarding that letter.  It appears from her allegations that she anticipated such a letter to accompany the August 4, 2015 letter from the EEOC.  (Doc. 1-1, Compl. ¶ 20(m)).  While she asserts that she contacted the EEOC about the reportedly missing letter from DFEH, it is unclear from the complaint when this occurred.  It also is unclear why Ms. Mandurrago did not seek advice of counsel until November 10, 2015, after the expiration of the 90-day deadline identified by the EEOC in its August 4, 2015 notice.  (Doc. 1-1, Ex. D to Compl.).  The Court concludes that Ms. Mandurrago's delay does not support her position that the August 2015 EEOC letter regarding referral of the charge to DFEH entitles her to equitable tolling.  *See Wagner,* 2013 WL 5645169, at *3-4) (granting motion to dismiss because plaintiff's claim that he was misled by DFEH's letter regarding his right-to-sue deadline not sufficient to establish that equitable tolling applied); *Rucker v. Sacramento Cty. Child Protective Servs.*, No. 2:09-cv-01673 JAM KJN, 2010 WL 2219646, *6-7 (E.D. Cal. June 2, 2010) (findings and recommendations determining equitable tolling did not apply even though plaintiff claimed he relied on statement by DFEH that it would cross-file complaint with EEOC; plaintiff did not allege or show

---

[3] Ms. Mandurrago's position also ignores that the EEOC already had issued a letter indicating that it was referring the amended charge to DFEH on October 20, 2014.  (Doc. 1-1, Ex. E to Compl.).  There is no explanation as to why Ms. Mandurrago did not inquire about a subsequent right-to-sue letter at this time if, in fact, she anticipated a right-to-sue letter from DFEH on her amended charge.

that he was tricked or misled into missing the filing deadline or that he exercised diligence in preserving his legal rights), *adopted in full*, 2010 WL 2904645, *1 (E.D. Cal. Jul 26, 2010).

Moreover, Ms. Mandurrago's alternative assertion that the statement about tolling in the February 2014 DFEH right-to-sue letter did not clearly explain how tolling applied to her claims is not persuasive. Ms. Mandurrago references the DFEH's statement that the "one-year period will be tolled during the pendency of the EEOC's investigation of your complaint." (Doc. 1-1, Ex. A to Compl.). She argues that at least one court has found such language to be confusing because it fails to provide the explanation set out in section 12965(d)(2) regarding tolling. *See Anderson v. American Airlines*, No. C 05-04292 SI, 2006 WL 1009016, *2 n. 3 (N.D. Cal. Apr. 18, 2006). However, *Anderson* did not reach the question of the adequacy of the language in DFEH's right-to-sue letter. *Id.* Instead, the *Anderson* court found equitable tolling appropriate where the plaintiff relied on oral advice from EEOC representatives regarding the date for filing her complaint and, based on this advice, the plaintiff did not retain a lawyer until after the statutory deadline had run. *Id.* In contrast to the circumstances in *Anderson*, there is no indication that Ms. Mandurrago was misled by oral advice from EEOC or DFEH representatives regarding the date by which to file her lawsuit. There also is no indication she was misled by explicit written advice from either the EEOC or DFEH regarding the precise date by which to file her lawsuit.

**C.  Ms. Mandurrago shall be granted leave to amend.**

The Court finds that Ms. Mandurrago did not timely file her complaint and did not establish her entitlement to equitable tolling. However, the Court will grant her an opportunity to amend her complaint in the event she can allege, consistent with her Rule 11 obligations, additional facts to demonstrate equitable tolling. *See*, *e.g.*, *Wagner*, 2013 WL 5645168, at *4 (granting motion to dismiss with leave to amend to detail additional facts regarding equitable tolling). Federal Rule of Civil Procedure 15 provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

///

///

///

**CONCLUSION AND ORDER**

For the reasons stated, Defendant's motion to dismiss is granted with leave to amend. Ms. Mandurrago shall file any amended complaint within twenty-one days from the date of this order. Failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **April 7, 2016**                       /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE